Order unanimously affirmed, without costs. Memorandum: The death of one of the co-owners of real property after the institution of condemnation proceedings but before the commencement of the trial made it imperative that a representative of the decedent’s estate be appointed and substituted in the proceedings. Although coexecutors were appointed in Surrogate’s Court neither they nor their attorneys took any part in the trial of the condemnation proceedings. The appellant Rochester Urban Renewal Agency contends that it notified the trial court of the naming of the executors and that substitution of the executors for the decedent was thus effected. Respondents correctly argue that no required notice of the alleged substitution was given to them and that therefore no proper substitution was made (2 Weinstein-Korn-Miller, NY Civ Prac, par 1021.03). Before any award was determined in the condemnation proceedings respondents secured the order which is the subject of this appeal. Special Term properly ordered that the coexecutors be substituted as respondents in the proceedings (CPLR 1015, 1021). The order further made reasonable directions to enable the executors to prosecute the condemnation proceedings to conclusion and to represent effectively their testatrix’ interests. Special Term properly exercised its discretion in the interests of fair and orderly procedure. (Appeal from order of Monroe Supreme Court—condemnation.) Present—Marsh, P. J., Moule, Cardamone, Mahoney and Goldman, JJ.